1

2

3   UNITED STATES DISTRICT COURT

4   NORTHERN DISTRICT OF CALIFORNIA

5   OAKLAND DIVISION

6

7   EFRAIN MORALES,

8              Petitioner,                    No. C 12-5311 PJH (PR)

9      vs.                                    **ORDER FOR RESPONDENT
                                              TO SHOW CAUSE**
10  JAMES HARTLET, Warden,

11             Respondent.
                                    /
12

13          This is a habeas case brought pursuant to 28 U.S.C. § 2254 by a state prisoner.

14  Petitioner was convicted in Monterey County, which is in this district, so venue is proper

15  here.  *See* 28 U.S.C. § 2241(d).  Petitioner was ordered to show cause why the petition

16  should not be dismissed for failure to exhaust and he has sufficiently demonstrated

17  exhaustion, therefore the court will review the claims.

18                                **BACKGROUND**

19          Petitioner pleaded guilty to attempted second degree murder and was sentenced to

20  twenty-one years in prison.

21                                **DISCUSSION**

22  **A.    Standard of Review**

23          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

24  custody pursuant to the judgment of a State court only on the ground that he is in custody

25  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

26  § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

27  heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

28  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  pursuant to a judgment of a state court must "specify all the grounds for relief available to

2  the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules

3  Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

4  petition is expected to state facts that point to a 'real possibility of constitutional error.'"

5  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

6  1970)).  "Habeas petitions which appear on their face to be legally insufficient are subject

7  to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

8  1108 (9th Cir. 1996) (Schroeder, J., concurring).

9  **B.    Legal Claims**

10       As grounds for federal habeas relief, petitioner asserts that: (1) his upper term

11  sentence violated his due process rights pursuant to *Cunningham v. California*, 549 U.S.

12  270 (2007), as he had no prior conviction; (2) ineffective assistance of counsel on appeal;

13  and (3) denial of Sixth Amendment right to counsel during a probation interview.  The first

14  two claims are sufficient to require a response, however, petitioner's third claim will be

15  dismissed.

16       Petitioner alleges that after he pleaded guilty he was interviewed by a probation

17  officer but was not informed of his right to counsel.  The Sixth and Fourteenth Amendments

18  guarantee the right to counsel only at critical stages of the criminal proceedings, which are

19  the points where substantial rights of the accused may be affected. *Kirby v. Illinois*, 406

20  U.S. 682, 690 (1972).  A denial of the Sixth and Fourteenth Amendment right to counsel

21  can result in reversal only if the absence of counsel occurs at a critical stage in the

22  adversary proceedings; if the stage is not critical, then there can be no constitutional

23  violation. *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (no deprivation of the

24  effective assistance of counsel could have occurred because there was no constitutional

25  right to counsel in proceedings for discretionary state post-conviction review).  The United

26  States Supreme Court has not provided a definitive list of the critical stages of a criminal

27  prosecution, so there can be no violation of established Supreme Court authority. *See*

28  *United States v. Benford*, 574 F.3d 1228, 1232 (9th Cir. 2009).

United States District Court

For the Northern District of California

1    Generally, with respect to sentencing, the assistance of counsel is guaranteed only

2  when the defendant is confronted by agents of the prosecution who have an adversarial

3  role in the sentencing process; in contrast, in pre-sentence interviews, a probation officer is

4  not an agent of the prosecution, has no adversarial role in the sentencing proceedings, and

5  acts as a neutral gatherer of information for the court.  *United States v. Leonti*, 326 F.3d

6  1111, 1119–20 (9th Cir. 2003) (distinguishing probation interviews from the process of an

7  accused's rendering substantial assistance to the prosecution).  Thus, it has been held that

8  a post-guilty plea, pre-sentence interview in a non-capital case is not a critical stage of

9  adversary criminal proceedings.  *United States v. Benlian*, 63 F.3d 824, 827–28 (9th Cir.

10  1995) (noting that the issue was effectively waived in the case before the court, but

11  confirming the vitality of the pre-guidelines holding of *Baumann v. United States*, 692 F.2d

12  565 (9th Cir. 1982) that a routine, pre-sentence interview of a person convicted of a

13  non-capital federal offense is not a critical stage at which counsel's presence or advice is

14  necessary to protect the defendant's right to a fair trial).  This claim is dismissed.

15                                              **CONCLUSION**

16    1.  The clerk shall serve by regular mail a copy of this order and the petition and all

17  attachments thereto on respondent and respondent's attorney, the Attorney General of the

18  State of California.  The clerk also shall serve a copy of this order on petitioner.

19    2.  Respondent shall file with the court and serve on petitioner, within sixty days of

20  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

21  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

22  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

23  portions of the state trial record that have been transcribed previously and that are relevant

24  to a determination of the issues presented by the petition.

25    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

26  the court and serving it on respondent within thirty days of his receipt of the answer.

27    3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

28  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

**United States District Court**
For the Northern District of California

1    Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the

2    date this order is entered.  If a motion is filed, petitioner shall file with the court and serve

3    on respondent an opposition or statement of non-opposition within twenty-eight (28) days of

4    receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

5    within fourteen days of receipt of any opposition.

6        4.  Petitioner is reminded that all communications with the court must be served on

7    respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

8    must keep the court informed of any change of address and must comply with the court's

9    orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

10   failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

11   *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

12        **IT IS SO ORDERED.**

13   Dated:  February 4, 2013.        _____

14                                                        PHYLLIS J. HAMILTON
                                                            United States District Judge

15

16

17

18   G:\PRO-SE\PJH\HC.12\Morales5311.osc.wpd

19

20

21

22

23

24

25

26

27

28

4