UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EFRAIN MORALES,

    Petitioner,

vs.

JAMES HARTLEY, Warden,

    Respondent.

No. C 12-5311 PJH (PR)

**ORDER DENYING PETITION AS UNTIMELY AND ON THE MERITS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. This case proceeds on the amended petition with claims of improper sentencing in light of *Cunningham v. California*, 549 U.S. 270 (2007), and ineffective assistance of appellate counsel. In an agreed upon plea, petitioner pleaded no contest to attempted second degree murder with enhancements. The agreed upon sentence range was twenty-one to twenty-seven years, and the trial court sentenced him to twenty-one years in prison. Respondent has filed an answer to the petition noting that one of the two claims is unexhausted, the petition is untimely and the claims fail on the merits. Petitioner filed a traverse. For the reasons set out below, the petition is denied.

**DISCUSSION**

**I. Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v.*

*Lundy*, 455 U.S. 509, 515-16 (1982).

Petitioner did not appeal his judgment but filed a habeas petition with the California Supreme Court on September 24, 2012. Petitioner initially only raised one claim, regarding the *Cunningham* sentencing issue. Answer, Exh. E. However, he filed two additional petitions with the California Supreme Court on October 18, and November 28, 2012. *Id.* Each petition contained an additional claim and the November 2012 petition contained the *Cunningham* and ineffective assistance of appellate counsel claims. While these additional petitions were marked 'received' by the California Supreme Court, they were not marked as 'filed' nor is there any indication that petitioner filed a motion to amend. *Id.* Thus, it does not appear that the California Supreme Court considered the extra claim and it remains unexhausted. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (Presenting a claim in a procedural context that prevents consideration of its merits does not constitute fair presentation and therefore does not exhaust state remedies.)[1]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed

---

[1] Assuming that the California Supreme Court did consider the ineffective assistance of counsel claim and it was properly exhausted, it is still untimely and lacks merit as will be described below. The court may also deny an unexhausted claim on the merits. *See* 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In an agreed upon plea, petitioner pleaded no contest on January 11, 2006. Answer, Exh. A at 89-92, Exh. C at 11-12. The agreed upon sentence range was twenty-one to twenty-seven years. *Id.*, Exh. A at 89-92, Ex. C at 5-6, Exh. D at 1-2. On March 8, 2006, the trial court sentenced petitioner to twenty-one years in prison. *Id.*, Exh. A at 94-95, Exh. D. At 4-7. Petitioner did not directly appeal the judgment and had waived that right pursuant to the plea. *Id.*, Exh. A at 92, Exh. C at 9-10.

Petitioner's conviction became final on May 7, 2006, sixty days after sentencing. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final sixty days after conviction); Cal. Rule of Court 8.308(a). Thus, petitioner had until May 7, 2007, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) Petitioner's federal petition, filed on October 6, 2012, is untimely by more than five years unless he is entitled to tolling.

Petitioner filed a state habeas petition with the California Supreme Court on September 24, 2012. He is not entitled to any tolling for this petition as it was filed many years after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Petitioner's remaining arguments for tolling lack merit and are frivolous.

### III. Merits of Claims

As grounds for federal habeas relief, petitioner asserts that: (1) his sentence was improper in light of *Cunningham v. California*, 549 U.S. 270 (2007); and (2) and ineffective assistance of appellate counsel.

The Supreme Court held in *Cunningham* that California's determinate sentencing

3

law at that time, authorizing a judge rather than a jury to find facts by a preponderance of the evidence exposing a defendant to an elevated upper term sentence, violated a defendant's right to trial by jury, "except for the fact of a prior conviction," which may be used constitutionally to increase the penalty for a crime beyond the prescribed statutory maximum. *Id.* at 288-89.

Petitioner argues that the trial court imposed an improper upper term based on factors not found by a jury as he had no prior convictions to support such a sentence. However, as noted above, in an agreed upon plea petitioner pleaded guilty with an understanding that the sentence range would be between twenty-one to twenty-seven years. The trial court sentenced him to twenty-one years, the low end of the agreed upon range. In addition, the sentence did not include any upper terms, but used the middle terms. Answer, Exh. A at 95-95. Petitioner received the middle term of seven years for Cal. Penal Code § § 187, 664(a) the middle term of four years for the firearms enchantment, Cal. Penal Code § 12022.5(a), and a fixed non upper or lower term of ten years for the gang enhancement, Cal. Penal Code § § 186.22(b)(1)(C), 667.5(c)(12). As there were no upper terms there was no *Cunnigham* violation.

Even if there was an upper term, petitioner was sentenced based on an agreed upon plea and the Supreme Court has not held that *Cunnigham* applies to sentences resulting from plea bargains. Petitioner is therefore not entitled to habeas relief. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006) (where Supreme Court precedent gives no clear answer to question presented, "it cannot be said that the state court 'unreasonab[ly] appli[ed] clearly established Federal law' "). Several district courts have also held that imposing the upper term based on the agreed-on terms of a plea bargain does violate *Cunningham*. S*ee Russell v. Martel*, 2011 WL 6817690, at *5 (C.D. Cal. Aug.9, 2011) (holding that the Supreme Court has never held that an upper term sentence imposed pursuant to a plea agreement violates *Cunningham*); *Woods v. Wong*, 2011 WL 6214393, at *19 (S.D. Cal. Mar.10, 2011) ("[T]he Supreme Court has not held *Cunningham* applies to sentences resulting from plea bargains."). This claim is denied.

4

Petitioner next argues that he was denied effective assistance of appellate counsel for failing to present the *Cunningham* issue. Yet, petitioner never filed a direct appeal and waived that right pursuant to his plea agreement. He argues that trial counsel still should have filed an appeal or informed him of the *Cunningham* claim and the lack of any appellate counsel was a constitutional violation. Despite the lack of an appeal or appellate counsel, this claim must also be denied as any failure to bring the *Cunningham* claim would not demonstrate ineffective assistance of counsel as the claim lacks merit as discussed above. Counsel could not be ineffective for failure to raise a meritless legal argument. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." (citation omitted)). This claim is also denied.[2]

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

---

[2] As the court has denied this unexhausted claim on the merits, petitioner's motion to stay the case to exhaust the claim is also denied.

5

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Because reasonable jurists would not find the result here debatable regarding either the procedural holding or the merits of the underlying claims, the court DENIES a COA.

## CONCLUSION

1. Petitioner's motion to stay and for an extension (Docket No. 14) is **DENIED**, though the traverse is deemed timely filed and was considered by the court.

2. For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

A Certificate of Appealability is **DENIED**. *See* Rule11(a) of the Rules Governing Section 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 28, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Morales5311.hc.wpd

6