1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5                                    OAKLAND DIVISION

6

7    EFRAIN MORALES,

8                          Petitioner,              No. C 12-5311 PJH (PR)

9        vs.                                        **ORDER DENYING PETITION
                                                    AS UNTIMELY AND ON THE**
10   JAMES HARTLEY, Warden,                         **MERITS AND DENYING
                                                    CERTIFICATE OF**
11                         Respondent.              **APPEALABILITY**
     _____/

12

13          This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

14   This case proceeds on the amended petition with claims of improper sentencing in light of

15   *Cunningham v. California*, 549 U.S. 270 (2007), and ineffective assistance of appellate

16   counsel.  In an agreed upon plea, petitioner pleaded no contest to attempted second

17   degree murder with enhancements.  The agreed upon sentence range was twenty-one to

18   twenty-seven years, and the trial court sentenced him to twenty-one years in prison.

19   Respondent has filed an answer to the petition noting that one of the two claims is

20   unexhausted, the petition is untimely and the claims fail on the merits.  Petitioner filed a

21   traverse.  For the reasons set out below, the petition is denied.

22                                      **DISCUSSION**

23   **I.    Exhaustion**

24          Prisoners in state custody who wish to challenge collaterally in federal habeas

25   proceedings either the fact or length of their confinement are first required to exhaust state

26   judicial remedies, either on direct appeal or through collateral proceedings, by presenting

27   the highest state court available with a fair opportunity to rule on the merits of each and

28   every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v.*

United States District Court

For the Northern District of California

*Lundy*, 455 U.S. 509, 515-16 (1982).

Petitioner did not appeal his judgment but filed a habeas petition with the California Supreme Court on September 24, 2012.  Petitioner initially only raised one claim, regarding the *Cunningham* sentencing issue.  Answer, Exh. E.  However, he filed two additional petitions with the California Supreme Court on October 18, and November 28, 2012.  *Id.* Each petition contained an additional claim and the November 2012 petition contained the *Cunningham* and ineffective assistance of appellate counsel claims.  While these additional petitions were marked 'received' by the California Supreme Court, they were not marked as 'filed' nor is there any indication that petitioner filed a motion to amend.  *Id.*  Thus, it does not appear that the California Supreme Court considered the extra claim and it remains unexhausted.  *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (Presenting a claim in a procedural context that prevents consideration of its merits does not constitute fair presentation and therefore does not exhaust state remedies.)[1]

**II.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed

--------

[1] Assuming that the California Supreme Court did consider the ineffective assistance of counsel claim and it was properly exhausted, it is still untimely and lacks merit as will be described below.  The court may also deny an unexhausted claim on the merits.  *See* 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    application for state post-conviction or other collateral review is pending is excluded from

2    the one-year time limit.  *Id.* § 2244(d)(2).   The one-year period generally will run from "the

3    date on which the judgment became final by the conclusion of direct review or the

4    expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

5            In an agreed upon plea, petitioner pleaded no contest on January 11, 2006.

6    Answer, Exh. A at 89-92, Exh. C at 11-12.  The agreed upon sentence range was twenty-

7    one to twenty-seven years.  *Id.*, Exh. A at 89-92, Ex. C at 5-6, Exh. D at 1-2.  On March 8,

8    2006, the trial court sentenced petitioner to twenty-one years in prison.  *Id.*, Exh. A at 94-

9    95, Exh. D. At 4-7.  Petitioner did not directly appeal the judgment and had waived that right

10   pursuant to the plea.  *Id.*, Exh. A at 92, Exh. C at 9-10.

11           Petitioner's conviction became final on May 7, 2006, sixty days after sentencing.

12   *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner

13   did not appeal his conviction, process of direct review became final sixty days after

14   conviction); Cal. Rule of Court 8.308(a).  Thus, petitioner had until May 7, 2007, to file his

15   federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)

16   Petitioner's federal petition, filed on October 6, 2012, is untimely by more than five years

17   unless he is entitled to tolling.

18           Petitioner filed a state habeas petition with the California Supreme Court on

19   September 24, 2012.  He is not entitled to any tolling for this petition as it was filed many

20   years after the expiration of the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d

21   820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations

22   period that has ended before the state petition was filed," even if the state petition was

23   timely filed).  Petitioner's remaining arguments for tolling lack merit and are frivolous.

24   **III.    Merits of Claims**

25           As grounds for federal habeas relief, petitioner asserts that: (1) his sentence was

26   improper in light of *Cunningham v. California*, 549 U.S. 270 (2007); and (2) and ineffective

27   assistance of appellate counsel.

28           The Supreme Court held in *Cunningham* that California's determinate sentencing

**United States District Court**
For the Northern District of California

1    law at that time, authorizing a judge rather than a jury to find facts by a preponderance of

2    the evidence exposing a defendant to an elevated upper term sentence, violated a

3    defendant's right to trial by jury, "except for the fact of a prior conviction," which may be

4    used constitutionally to increase the penalty for a crime beyond the prescribed statutory

5    maximum. *Id.* at 288-89.

6         Petitioner argues that the trial court imposed an improper upper term based on

7    factors not found by a jury as he had no prior convictions to support such a sentence.

8    However, as noted above, in an agreed upon plea petitioner pleaded guilty with an

9    understanding that the sentence range would be between twenty-one to twenty-seven

10   years.  The trial court sentenced him to twenty-one years, the low end of the agreed upon

11   range.  In addition, the sentence did not include any upper terms, but used the middle

12   terms.  Answer, Exh. A at 95-95.  Petitioner received the middle term of seven years for

13   Cal. Penal Code § § 187, 664(a) the middle term of four years for the firearms

14   enchantment, Cal. Penal Code § 12022.5(a), and a fixed non upper or lower term of ten

15   years for the gang enhancement, Cal. Penal Code § § 186.22(b)(1)(C), 667.5(c)(12).  As

16   there were no upper terms there was no *Cunnigham* violation.

17        Even if there was an upper term, petitioner was sentenced based on an agreed upon

18   plea and the Supreme Court has not held that *Cunnigham* applies to sentences resulting

19   from plea bargains.  Petitioner is therefore not entitled to habeas relief.  *See Carey v.*

20   *Musladin*, 549 U.S. 70, 77 (2006) (where Supreme Court precedent gives no clear answer

21   to question presented, "it cannot be said that the state court 'unreasonab[ly] appli[ed]

22   clearly established Federal law' ").  Several district courts have also held that imposing the

23   upper term based on the agreed-on terms of a plea bargain does violate *Cunningham*.  S*ee*

24   *Russell v. Martel*, 2011 WL 6817690, at *5 (C.D. Cal. Aug.9, 2011) (holding that the

25   Supreme Court has never held that an upper term sentence imposed pursuant to a plea

26   agreement violates *Cunningham*); *Woods v. Wong*, 2011 WL 6214393, at *19 (S.D. Cal.

27   Mar.10, 2011) ("[T]he Supreme Court has not held *Cunningham* applies to sentences

28   resulting from plea bargains.").  This claim is denied.

United States District Court
For the Northern District of California

1    Petitioner next argues that he was denied effective assistance of appellate counsel

2  for failing to present the *Cunningham* issue.  Yet, petitioner never filed a direct appeal and

3  waived that right pursuant to his plea agreement.  He argues that trial counsel still should

4  have filed an appeal or informed him of the *Cunningham* claim and the lack of any appellate

5  counsel was a constitutional violation.  Despite the lack of an appeal or appellate counsel,

6  this claim must also be denied as any failure to bring the *Cunningham* claim would not

7  demonstrate ineffective assistance of counsel as the claim lacks merit as discussed above.

8  Counsel could not be ineffective for failure to raise a meritless legal argument.  *Sexton v.*

9  *Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for

10  failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for

11  failing to raise a claim that is meritless." (citation omitted)).  This claim is also denied.[2]

12                                    **APPEALABILITY**

13    The federal rules governing habeas cases brought by state prisoners require a

14  district court that enters a final order adverse to the petitioner to grant or deny a certificate

15  of appealability in the order.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.

16  foll. § 2254.

17    A petitioner may not appeal a final order in a federal habeas corpus proceeding

18  without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App.

19  P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural

20  question antecedent to the merits, for instance a dismissal on statute of limitations grounds,

21  as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

22    "Determining whether a COA should issue where the petition was dismissed on

23  procedural grounds has two components, one directed at the underlying constitutional

24  claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the

25  district court denies a habeas petition on procedural grounds without reaching the

26  prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

27  _____

28    [2] As the court has denied this unexhausted claim on the merits, petitioner's motion to stay the case to exhaust the claim is also denied.

                                                                5

United States District Court
For the Northern District of California

1  least, that jurists of reason would find it debatable whether the petition states a valid claim

2  of the denial of a constitutional right and that jurists of reason would find it debatable

3  whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these

4  components is a "threshold inquiry," the federal court "may find that it can dispose of the

5  application in a fair and prompt manner if it proceeds first to resolve the issue whose

6  answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court

7  jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,

8  as was done here.  *See id.*

9  Because reasonable jurists would not find the result here debatable regarding either

10  the procedural holding or the merits of the underlying claims, the court DENIES a COA.

## CONCLUSION

11

12  1.  Petitioner's motion to stay and for an extension (Docket No. 14) is **DENIED**,

13  though the traverse is deemed timely filed and was considered by the court.

14  2.  For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

15  A Certificate of Appealability is **DENIED**.  *See* Rule 11(a) of the Rules Governing

16  Section 2254 Cases.

17  The clerk shall close the file.

18  **IT IS SO ORDERED.**

19  Dated: October 28, 2013.                    _____

20                                                        PHYLLIS J. HAMILTON
                                                          United States District Judge

21

22  G:\PRO-SE\PJH\HC.12\Morales5311.hc.wpd

23

24

25

26

27

28

6